IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**CHARLES RANDALL DAVIS**                                        **PLAINTIFF**
**ADC #084756**

v.                               No: 5:18-cv-00066 BSM-PSH

**COURTNEY THROWER,** *et al.*                                **DEFENDANTS**

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following proposed Findings and Recommendation have been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Plaintiff Charles Randall Davis filed a complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* on March 6, 2018. Doc. Nos. 1 & 2. Davis is an inmate at the Delta Regional Unit in the Arkansas Department of Correction ("ADC") and a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). The PLRA's three-strikes provision states that a prisoner cannot proceed *in forma pauperis* in a civil action if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury.***

28 U.S.C. § 1915(g) (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

The following cases filed by Davis were dismissed for failure to state a claim: *Davis v. Pearson, et al.,* No. 3:91-cv-00141-SMR; *Davis v. Norris, et al.,* 5:10-cv-00020-BSM; and *Davis v. Norris, et al.,* No. 5:10-cv-00155-JLH. As a three-striker, Davis must show that he was in imminent danger of serious physical injury at the time he filed the complaint in order to proceed *in forma pauperis*. 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

Davis alleged that he filed a grievance regarding a television series shown to the inmates, and that as a result, the inmates are now allowed to watch only three movies on the weekends. Doc. No. 1 at 4. Davis further alleged that defendant Courtney Thrower retaliated against him by telling the inmates he wrote the grievance. *Id.* Although Davis alleged he was in imminent danger of being assaulted or killed, he provided no specifics as to why he believes he faces such a threat. *Id.* Accordingly, Davis was instructed to file an amended complaint explaining why he believes he is in imminent danger of serious physical injury. Doc. No. 3.

Davis filed an amended complaint on March 22, 2018 (Doc. No. 4). He restates his general allegation that he is in serious danger but provides no facts to support that contention. Doc. No. 4 at 2-3. He further alleges that defendant Thrower violated prison policy by talking about his grievance, and adds a corrective inaction claim against Warden Darryl Golden. *Id.* at 2. Davis attached three witness statements by other inmates stating that they witnessed another inmate, Hanegan (ADC #164483), tell inmates that Davis wrote the grievance on Thrower resulting in a change to the movies they could watch. *Id.* at 38-40. These inmates claim that Hanegan is a member of the White Aryan Resistance gang which is known to be violent. *Id.*

Having reviewed Davis' amended complaint, the Court finds that Davis fails to allege sufficient facts to show he is imminent danger of serious physical injury. Davis provides no details to explain why he fears for his life other than the attached statements of other inmates who say they heard a known gang member complain about Davis. Those inmates do not describe any actual threats of violence against Davis. Accordingly, Davis has not sufficiently alleged that he is imminent danger of serious physical injury, he may not proceed in this case *in forma pauperis,* and his case should be dismissed unless he can pay the full filing and administrative fees.

IT IS THEREFORE RECOMMENDED THAT:

1. Davis' motion for leave to proceed *in forma pauperis* (Doc. No. 1) be DENIED, and this case be DISMISSED WITHOUT PREJUDICE.

2. Davis be given thirty days to reopen the case by paying the $400 filing and administrative fees in full and filing a Motion to Reopen.

DATED this 9th day of April, 2018.

_____
UNITED STATES MAGISTRATE JUDGE